GALLARDO ET AL., DEMANDANTES Y APELANTES, *v.* EL TESORERO DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre devolución de contribuciones pagadas bajo protesta.

No. 1548.—Resuelto en junio 8, 1917.

DEVOLUCIÓN DE CONTRIBUCIONES—CONTRIBUCIÓN DE HERENCIA—PAGO BAJO PROTESTA—VALORACIÓN Y CÓMPUTO DE LA CONTRIBUCIÓN—PRESCRIPCIÓN DE LA

ACCIÓN.—Cuando en una reclamación de contribución de herencia pagada bajo protesta, se impugna que se deba la cantidad porque para su cómputo se tomó como base la valoración de la finca en el año que se trató de satisfacerla, en vez de la valoración que tenía en el año en que ocurrió la muerte del causante, no es la Ley No. 35, de marzo 9, 1911 el procedimiento vigente para tal impugnación, y sí el señalado en el artículo 374 del Código Político, por lo que, la acción entablada fuera del término de treinta días contados desde que quedó ultimada por el tesorero la valoración y cómputo de la contribución, ha prescrito.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José S. Alegría.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La sentencia contra la cual se interpuso este recurso declaró que la acción de los demandantes estaba prescrita por haber sido presentada la demanda después de los treinta días que para establecerla concede el artículo 374 del Código Político.

El Tesorero de Puerto Rico fijó la contribución que como herederos debían pagar los demandantes tomando como valor de la finca el que tenía en el año mil novecientos catorce cuando el pago iba a hacerse, a pesar de que los apelantes alegaron que debía tomarse como base para la contribución de herencia la valoración que tenía en el año 1903 cuando ocurrió la muerte de su causante. Sin embargo el Tesorero insistió en dos de mayo de 1914 en que se pagara de acuerdo con su valoración y los apelantes pagaron entonces la cantidad que se les reclamaba haciendo constar su protesta.

Sostienen los apelantes que su reclamación no se basa en el artículo 374 del Código Político sino en la ley No. 35 del año 1911, y si es ésta la aplicable a su reclamación y no la sección citada del Código Político, entonces su acción no estaría prescrita pues el término de treinta días para interponerla empezaría a contarse desde que verificaron el pago en 9 de mayo de 1914 y no desde que se ultimó por el Tesorero la valoración y

cómputo de la contribución, como determina el artículo 374 citado.

No alegan los apelantes en su demanda que el cobro sea injusto o ilegal porque no deban pagar contribución por herencia o que se les cobra contra las disposiciones de cualquier estatuto, que son los casos mencionados en la ley No. 35 mencionada, sino que aceptando que deben pagar contribución por herencia impugnan sin embargo que deban la cantidad que se les reclamó porque para su cómputo se tomó como base la valoración de la finca en el año 1914, en el que se trató de satisfacerla, en vez de la valoración que tenía en el año 1903 cuando ocurrió la muerte de su causante y nació su derecho a la herencia por la cual se le cobra, valor que es menor y que por tanto no deben toda la cantidad que se les hizo pagar.

Esta cuestión fué también planteada en el caso *Sucesión Puente v. El Pueblo et al.,* 19 D. P. R. 557, y después de un detenido estudio de ella, llegamos a la conclusión de que esta clase de reclamaciones no cae bajo los preceptos de la ley No. 35, *supra,* sino dentro del artículo 374 del Código Político. En esa opinión constan los extensos razonamientos que sirvieron de base a esa conclusión por lo que no los repetiremos ahora, con mayor motivo cuanto que no se ha alegado argumento alguno que tienda a destruirlos. Fué seguida después en el caso de *Puente v. El Pueblo et al.,* 19 D. P. R. 586.

Siendo, pues, de aplicación a este caso la doctrina referida no cometió error la corte inferior al declarar prescrita la acción, toda vez que cuando se presentó la demanda en 6 de junio de 1914 ya habían transcurrido más de treinta días contados desde el 22 de mayo anterior en cuya fecha quedó ultimada por el Tesorero de Puerto Rico la valoración y cómputo de la contribución que debían pagar los demandantes.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.